REDACTED

# In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA REDACTED

v.

JOHN W STEED

_____,
Defendant

Criminal Complaint

CASE NUMBER: 07-235-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about 11/25/2007 in the District of Delaware, Defendant STEED did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted on or about 8/1/2005 of a crime punishable by imprisonment for a term exceeding one year,
in violation of Title ____18____ United States Code, Section(s) __922(g)(1) +924(a)(2)__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

FILED
NOV 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Special Agent, ATF

Sworn to before me and subscribed in my presence,

__November 26, 2007__     at     __Wilmington, DE__
Date                                     City and State

Honorable Leonard Stark
__United States Magistrate Judge__     _____
Name & Title of Judicial Officer             Signature of Judicial Officer

## AFFIDAVIT OF: PAUL D. GEMMATO

1. Your affiant is a special Agent. Your affiant has been a law enforcement officer for over 18 years with the U.S. Bureau of Alcohol, Tobacco, and Firearms (ATF). During that time, my duties have included the investigation of federal and state firearms offenses. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses. During the course of your affiant's law enforcement career, your affiant has participated in over a hundred seizures of firearms and over a 100 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The incident described below occurred on November 25, 2007, at approximately 1400 hours in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Officers with personal knowledge of the incident, which involved the recovery of 2 firearms following several robberies. Firearm 1 is described as a Lorcin, chrome plated semi-automatic 9 millimeter handgun which contained 9 rounds in the magazine and 1 round in the chamber (S/N L118608.). Firearm 2 is described as a Llama Super Comanche 44 Magnum revolver, black in color (S/N RA3351) which contained 5 rounds in the cylinder. Also recovered in the incident were 3 grams of crack cocaine packaged in 11 bags and 33 grams of marijuana packaged in 15 separate bags. Details of the incident are described below.

4. Your affiant reviewed the computer criminal history information for both defendants in the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant MICHAEL T GREEN, DOB -           on or about 5/22/06, was found guilty of Possession With Intent to Deliver a Non-narcotic Schedule I Controlled Substance in New Castle County Superior Court, a felony in the state of Delaware. Defendant 2, JOHN W STEED, DOB -         on or about 4/27/05, was found Guilty of Trafficking 10-50 grams of cocaine in the New Castle County Superior Court, a felony in the state of Delaware.   8/1/05 PM

5. On November 25, 2007, a Wilmington Police Patrol Officer was flagged down by a victim of an armed robbery. The victim reported that 2 black males driving a white Pontiac Grand Am just robbed him at gunpoint. The victim also informed Wilmington Police that he had been pistol-whipped in the robbery; he had marks on his face consistent with being struck with an object. The victim provided a description of the suspects and the vehicle, which the officer transmitted over Wilmington Dispatch. Soon after the dispatch, assisting Wilmington Police Officers observed a white Pontiac Grand Am and attempted to stop it. The vehicle fled and the Wilmington Police Officers pursued. The vehicle soon crashed into a second, unrelated vehicle. After crashing, both individuals in the Grand Am (later determined to be STEED and GREEN) fled on foot. GREEN forced entry into a residence (1205 Elm Street) in an attempt to elude police. GREEN was apprehended in the rear yard of a house near that residence. STEED was

1

apprehended on the corner of Franklin and Elm Streets. The Lorcin, chrome-plated semi-automatic 9 millimeter handgun (Firearm 1) was found near the scene of STEED's apprehension.

6. In the Grand Am, Wilmington Police Officers observed a firearm, later determined to be the Llama Super Comanche 44 Magnum revolver (Firearm 2). Also in plain view inside the vehicle were 3 grams of crack cocaine and 33 grams of marijuana; all of which the officers stated through their training and experience was packaged for sale.

7. Your affiant learned from Wilmington Police Officers with personal knowledge of the below facts that GREEN was advised of his Miranda rights by a Wilmington Police Officer and the defendant indicated that he understand his rights and voluntarily agreed to speak with law enforcement. Following the waiver of his Miranda rights, GREEN voluntarily told the Wilmington Police, among other things, that he possessed a firearm and that he had prior felony convictions. GREEN also confessed to the robbery. GREEN initially stated that he was provided the chrome-plated 9mm by STEED and was forced to engage in the robbery by STEED. GREEN also said that STEED had a large black revolver. GREEN provided a full account of the reported robbery, as well as another robbery STEED and GREEN just committed. GREEN later altered his statement slightly and acknowledged that he and STEED willingly participated in the robberies.

8. STEED was also read his rights per Miranda, but requested a lawyer and the interview was terminated. After the termination of the interviews, GREEN, and STEED were seated in interview rooms that were adjacent to each other. At that time, GREEN and STEED voluntarily engaged in dialogue by yelling to each other through the walls. While yelling to each other, both GREEN and STEED spoke in detail about the robberies, and the equal part they both shared. This conversation was witnessed by several Wilmington Police Officers and was video and audio-taped.

9. From training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above - mentioned firearms were manufactured in a state other than Delaware such that their possession in Delaware would have necessarily required that the firearms had crossed state lines prior to their possession in Delaware and such that the possession of those firearms in Delaware affected interstate commerce.

10. Your affiant learned from Wilmington Police Officers who have personal knowledge of the facts stated above that both firearms appeared to be capable of expelling a projectile by action of an explosive.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that defendants GREEN and STEED each violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue Criminal Complaints charging that offense for both defendants.

_____
Paul D. Gemmato
Special Agent, ATF


Sworn to and subscribed in my presence
this 26th day of November 2007

_____
Honorable Leonard P Stark
United States Magistrate Judge